IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Derrick Stefan Williams (#2014-6486), ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 15 C 5045 |
| v. ) | |
| ) | Judge Marvin E. Aspen |
| Dr. Harmston, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Derrick Stefan Williams, a pretrial detainee at the Will County Adult Detention Facility ("Will County Jail"), filed this 42 U.S.C. § 1983 civil rights action against Dr. Wesley Harmston ("Defendant"). Plaintiff alleges that Defendant behaved in an inappropriate sexual manner during one or more medical examinations in the fall of 2014. Defendant has filed a motion for summary judgment, arguing that Plaintiff failed to exhaust Will County Jail's administrative remedies. Plaintiff has responded. For the reasons stated herein, the Court grants Defendant's motion and dismisses this case without prejudice to Plaintiff bringing his claims after exhausting administrative remedies.

**I. BACKGROUND**

**A.    N.D. Ill. Local Rule 56.1:**

When addressing a summary judgment motion, this Court derives the background facts from the parties' Local Rule 56.1 Statements and Responses, which assist the Court by "organizing the evidence, identifying undisputed facts, and demonstrating precisely how each

side propose[s] to prove a disputed fact with admissible evidence." *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 527 (7th Cir. 2000).

In accordance with N.D. Ill. Local Rule 56.1(a)(3), Defendant's Rule 56.1 Statement "consist[s] of short numbered paragraphs [with] specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in [each] paragraph." (Doc. 36, Def. Statement of Facts ("SOF")). Defendant also complied with N.D. Ill. Local Rule 56.2 by forwarding to Plaintiff a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" explaining how to respond to Defendant's summary judgment motion and Rule 56.1 Statement. (Doc. 34). Plaintiff responded to the summary judgment motion. (Doc. 40). He also responded to Defendant's Rule 56.1 Statement. (Docs. 47 and 48). His responses, however, contain no citations to the record. (*See generally* Docs. 40, 47, 48). Also, his responses indicate he has documents demonstrating he exhausted administrative remedies, but he includes none of these documents with his pleadings. (*Id.*)

Local Rule 56.1 instructs that the party opposing summary judgment must "respon[d] to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." Local Rule 56.1(b)(3)(B). "[A]ll material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." Local Rule 56.1(b)(3)(C).

The Court informed Plaintiff of his need to respond to Defendant's Rule 56.1 Statement in accordance with Local Rule 56.1, and even attached a copy of the local rule in its February 8, 2016 order. (Doc. 46). The Court also informed Plaintiff that no documents were included with his initial response. (*Id.*) Despite the Court's admonishment and the instructions of Local Rules

56.1(b) and 56.2, Plaintiff again filed a response to Defendant's Rule 56.1 Statement that did not comply with the Court's local rules and that referred to documents not included with Plaintiff's pleadings. (Docs. 47 and 48).

Although litigants proceeding *pro se* are held to a lesser standard than attorneys, *pro se* litigants must still comply with the Court's local procedural rules. *Dale v. Poston*, 548 F.3d 563, 568 (7th Cir. 2008); *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006). Accordingly, this Court will consider Defendant's Rule 56.1 factual statements—to the extent they are supported by the record—admitted. *See* Rule 56.1(a)(3); *see also Townsend v. Alexian Bros. Med. Ctr.*, 589 Fed. Appx. 338, 339 (7th Cir. 2015) (unpublished) (a district court may strictly enforce its local rules and consider Rule 56.1 factual statements admitted when they are not properly responded to), citing *Patterson v. Ind. Newspapers, Inc.*, 589 F.3d 357, 360 (7th Cir. 2009); *see also Cady*, 467 F.3d at 1061. Nevertheless, because Plaintiff is proceeding *pro se*, the Court will consider factual assertions he makes in his summary judgment materials about which he would be able to competently testify at a trial. *See* Fed. R. Evid. 602; *Hill v. Officer Phillips*, No. 12 C 9404, 2014 WL 626966 at *1 (N.D. Ill. Feb. 18, 2014). With these standards in mind, the Court turns to the relevant facts of this case.

**B.    FACTS**

    1.    Admitted Facts:

Plaintiff has been incarcerated at the Will County Jail since August 26, 2014. (Def. SOF ¶ 1). At all relevant times to this suit, Defendant was a licensed doctor providing medical services to inmates at the jail. (*Id.* at ¶ 2). Plaintiff's claims against Defendant stem from examinations Defendant conducted of Plaintiff's elbow and ribs, which were injured during Plaintiff's arrest. (*Id.* at ¶ 3). Plaintiff alleges Defendant sexually harassed Plaintiff by asking

him if he wanted Defendant to conduct a prostate exam and check for hemorrhoids. (*Id.*). Plaintiff further alleged Defendant "gave me a hug and started to rub my shoulder." (*Id.*, quoting Doc. 1, Compl. at 4).

Classification Sergeant Michelle Moffett maintains Will County Jail inmates' classification files. Each file contains grievances filed by the inmate, as well as responses and appeals. (Def. SOF ¶ 5). She reviewed Plaintiff's classification file, which is provided as an exhibit. (*Id.* at ¶ 6; *see also* Doc. 37 Exh. D).[1]

At all times relevant to this case, Will County Jail had established grievance procedures, which are and were set out in the inmate handbook that was provided to Plaintiff when he entered the jail. (Def. SOF ¶¶ 6, 8, 9; *see also* Exh. B (Moffett's Aff.) and Exh. C (Inmate Handbook)). Those grievance procedures state, in pertinent part: "**You will be allowed to express any valid complaint without fear of retaliation.** (emphasis in original) . . . You are allowed to file a Grievance about many things that involve you including, but not limited to: . . . Alleged misconduct or mistreatment by Staff. . . . Alleged sexual abuse or sexual harassment." (Def. SOF ¶ 10, quoting Exh. C at 48). The handbook instructs inmates to submit their grievances on an Inmate Request Form (Form #22). (*Id.* at ¶ 10; *see also* Exh. C at 48). If the on-duty Housing Unit Officer is unable to resolve the grievance immediately, it is sent to the Classification Sergeant for review. (*Id.*) The Classification Sergeant is required to respond to the grievance within 15 days. (Def. SOF ¶ 10; *see also* Exh. C at 49). The grievance procedures include one level of appeal, which the handbook instructs the inmate to submit on a Form #22 within 48 hours of receiving a response. According to the handbook, the inmate must write the

---

[1] Defendant's exhibits are attached to his Memorandum in Support of his Motion for Summary Judgment. (Doc. 37). For convenience, future citations to his exhibits will refer to just the exhibit—i.e., Exh. A, Exh. B—without reference to Doc. 37. Citations to page numbers within each exhibit refer to the Bates Stamped number.

4

word "APPEAL" on the form and provide his grounds for appeal. (*Id.*) Appeals are forwarded to the Deputy Chief or his/her designee, who reviews the grievance and issues a written reply within 15 days. (*Id.*) Once a reply to the appeal is received, the issue is administratively closed. (*Id.*)

Moffett's review of Plaintiff's classification file reveals he filed three grievances about Dr. Harmston: On October 4, 2014, Plaintiff submitted a grievance stating that his ribs and arms "hurt real bad. I saw the doctor and he told me aint nothing wrong with me." (Def. SOF ¶ 12, quoting Exh. B1 at 2). Plaintiff further stated that his elbow was swollen like a ball and that nurses told him it was infected and needed to be drained. (Exh. B1 at 2-3). Nurse (or possibly a classification sergeant) B. Miller responded to the grievance on October 15, 2014, stating that Plaintiff had no fracture and that he should continue taking his pain medication as instructed. (Def. SOF ¶ 12, citing Exh. B1 at 2). Also on October 4, 2014, Plaintiff filed a grievance about a nurse visiting his cell and telling him he needed no help, which Plaintiff described as a "deliberate failure to treat my injur[y]." (Def. SOF ¶ 13, quoting Exh. B1 at 4). Nurse B. Miller responded to this grievance on October 15, 2014, stating that she would address the behavior of the nurse who spoke to Plaintiff. (*Id.*)

On October 28, 2014, Plaintiff filed a grievance stating that, on October 26, 2014, a nurse told him to stop filing sick call slips. (Def. SOF ¶ 14, citing Exh. B1 at 1). According to Plaintiff's grievance, the nurse told him that the doctor did not want to see him because Plaintiff "told a lie on [the doctor] about him touching me." (*Id.*) Plaintiff received a response stating: "If you have a medical complaint, you fill out a sick call slip unless you have a chronic disease for example asthma, diabetes. A $7.50 copay applies. The rest of your issues are nonmedical

5

suppositions and we can deal with the nurse that told you this 'stuff.'" (Def. SOF ¶ 14, quoting Exh. B1 at 1).

Plaintiff's classification file indicates he filed no appeals after receiving responses to the grievances discussed above. (Def. SOF ¶ 17, citing Exh. B, Moffett Aff. ¶ 8). Nor did Plaintiff complain about not receiving responses to his grievances. (Def. SOF ¶ 16).

B.  Plaintiff's pleadings:

Shortly after Defendant filed his motion for summary judgment, Plaintiff filed a response and motion to strike Defendant's affirmative defenses. (Docs. 40, 41). Without citing to the record, Plaintiff stated he exhausted administrative remedies and, as proof, he was attaching copies of: "Inmate Grievances Form Appeal to the Warden 10/07/14," "Appeal in Personal Contact Visit with SGT. Perro," and "Appeal to Prison Rape Elimination Act (PREA) By Internal Investigation 10/20/14." (Doc. 40 at 3).

On February 8, 2016, the Court informed Plaintiff that his pleadings neither complied with Local Rule 56.1 nor included copies of the documents he listed. (Doc. 46). The Court included with its order a copy of Local Rule 56.1, which set forth how Plaintiff should respond to Defendant's Statement of Facts. (*Id.*)

Plaintiff then filed a "Rule 56.1(A) Statement" and an "Opposition to the Declaration of Classifications Sergeant Michelle Moffett." (Docs. 47, 48). Plaintiff stated that he appealed the denial of a grievance about sexual harassment to Warden O'Leary. (Doc. 47 at 3). According to Plaintiff, his appeal to Sheriff Michael O'Leary stated: "I would like to let you know that Dr. Harmston sexually harassed me 2-3 time[s]. I was told to write you about this matter. I called the 9999 number on the wall above the phone." (Doc. 48 ¶¶ 7-8). He further states that he

6

appealed to the Prison Rape Prevention Act, that a sergeant named Perro visited and spoke to Plaintiff, and that Plaintiff verbally told Perro he wanted to appeal. (*Id.* at ¶ 8).

Plaintiff also contends that there was an investigation conducted by the Will County Jail's administration, which concluded that his claims were unsubstantiated. (*Id.*). Plaintiff states the administration's findings were written by "Deputy Chief B-something, 10/20/14, w[hich] Plaintiff has copy of." (*Id.*) Plaintiff swears "under penalty of perjury" that his "personal records reflect that he has more grievances and appeals to claims than the classification sergeant Moffett maintains." (Doc. 48 at ¶¶ 9, 11). Like before, Plaintiff states documents are attached to his pleadings, but no documents were included. (*See* Doc. 47).

## DISCUSSION

**Summary Judgment Standard:**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Jajeh v. County of Cook*, 678 F.3d 560, 566 (7th Cir. 2012). All facts and reasonable inferences drawn from the facts are construed in favor of the non-moving party. *Jajeh*, 678 F.3d at 566. However, once the moving party demonstrates the absence of a disputed issue of material fact, "the burden shifts to the non-moving party to provide evidence of specific facts creating a genuine dispute." *Carroll v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012). The non-movant must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Hannemann v. Southern Door County School Dist.*, 673 F.3d 746, 751 (7th Cir. 2012). A genuine issue of material fact exists only if there is evidence "to permit a jury to return a verdict for" the nonmoving party. *Egonmwan v. Cook County Sheriff's Dept.*, 602 F.3d 845, 849 (7th Cir. 2010).

7

**Exhaustion of Administrative Remedies:**

The Prison Litigation Reform Act requires that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other federal law, until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Under the exhaustion requirement, no prisoner "is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (citation omitted); *see also Kincaid v. Sangamon County*, 435 Fed. Appx. 533, 536-37, 2011 WL 2036441 at *3 (7th Cir. 2011) (§ 1997e(a)'s exhaustion requirement applies to jail, as well as prison, grievance procedures). Even where the prisoner seeks relief that is unavailable in the administrative system, such as money damages, he must still exhaust available administrative remedies. *Dole v. Chandler*, 438 F.3d 804, 808-09 (7th Cir. 2006).

The Seventh Circuit has "taken a 'strict compliance approach to exhaustion.'" *Maddox v. Love*, 655 F.3d 709, 721 (7th Cir. 2011) (quoting *Dole*, 438 F.3d at 808). Exhaustion of available administrative remedies "'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" *Woodford*, 548 U.S. at 90 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (emphasis in original)). Proper use of a prison grievance system requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's administrative rules require." *Pozo*, 286 F.3d at 1025; *Dole*, 438 F.3d at 809; *see also Woodford*, 548 U.S. at 90. "The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance." *Pavey v. Conley*, 663 F.3d 899, 905-06 (7th Cir. 2011) (*Pavey II*). Such an opportunity exists only if "the grievant complies with the system's critical procedural rules." *Id.*

Additionally, an inmate must exhaust all levels of available administrative review prior to bringing suit. *Dixon v. Page*, 291 F.3d 485, 489 (7th Cir. 2002). He may not complete the exhaustion process after he files his case. *Id.* Lastly, a judge, not a jury, determines whether an inmate exhausted administrative remedies. *Pavey v. Conley*, 544 F.3d 739, 741-42 (7th Cir. 2008) (*Pavey I*).

The summary judgment evidence shows that the Will County Jail had an established grievance system, the procedures for which were set out in the Inmate Handbook, which Plaintiff received when he entered the jail. According to Plaintiff's classification file, he filed no grievances specifically about Defendant sexually harassing or inappropriately touching him. Only three grievances in his file addressed his encounters with Defendant, and all three focused on the allegedly inadequate medical care he received for his elbow and ribs. Only the October 8, 2014 grievance mentions sexually inappropriate conduct by Defendant. (Doc. 37, Exh. B1 at 1) (Plaintiff wrote that a nurse told him to stop filing medical request slips and that she accused him of lying when he previously complained about Defendant "touching" him). Plaintiff received a response that he should fill out sick call slips for medical complaints and that the nurse who spoke to Plaintiff would be spoken to about the other matters.

Plaintiff's brief mention that a nurse accused him of lying about Defendant touching him hardly provided the jail with a "fair opportunity to consider" Plaintiff's complaints about Defendant. *See Pavey(II)*, 663 F.3d at 905-06. But even if the October 8, 2014 grievance sufficed for jail personnel to address the sexual-harassment issue, according to the summary judgment evidence, Plaintiff did not appeal the response as required by Will County Jail's administrative procedures. Defendant's summary judgment materials described above thus demonstrate that there is no genuinely disputed issue of fact that Plaintiff did not properly "us[e]

9

all steps that the [jail] holds out . . . so that the agency [could] address[ ] the issues on the merits.'" *Woodford*, 548 U.S. at 90 (quoting *Pozo*, 286 F.3d at 1024).

The Court notes Plaintiff's contentions that he filed grievances and appeals about Defendant's sexual harassment and that he has copies of grievances and appeals not in his classification file. But Plaintiff has not provided these documents to the Court, even after the Court advised him that the documents he referred to were not included with his pleadings. The Rule 56.2 Notice to Pro Se Litigants forwarded to Plaintiff explained: "In your responses to the motion for summary judgment, you must also describe and include copies of documents which show why you disagree with the defendant about the facts of the case. You may rely upon your own declaration or the declarations of other witnesses." (Doc. 34 at 2). The Court supplemented these instructions by sending Plaintiff a copy of the Court's Local Rule 56.1, which informed Plaintiff that he should file his own materials and affidavits, if he had additional documents not included in Defendant's submissions. (Doc. 46). Plaintiff filed additional pleadings, but persisted with contending he had copies of additional grievances and appeals without providing them to the Court. (Docs. 47 and 48).

The Seventh Circuit has described "summary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Arnett v. Webster*, 658 F.3d 742, 760 (7th Cir. 2011) (citing *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003)). Given Plaintiff 's failure to produce documents—that he swears he has and that purportedly demonstrate he exhausted administrative remedies—he has not fulfilled his burden of providing "evidence of specific facts creating a genuine dispute" about the exhaustion issue. *Carroll*, 698 F.3d at 564.

The Court further notes Plaintiff contention that an investigation about Defendant's behavior was conducted (possibly pursuant to the Prison Rape Elimination Act). But participation in such an investigation does not satisfy the PLRA's exhaustion requirement. *Pavey (II)*, 663 F.3d at 905 (an internal affairs investigation does not satisfy the exhaustion requirement where the facility offers a grievance system). "The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance." *Id.* "[P]risoners are [not] permitted to pick and choose how to present their concerns to prison officials." *Id.* at 905-06 (citing *Woodford*, 548 U.S. at 95); *see also Blake v. Ross*, 787 F.3d 693, 702 (4th Cir. 2015) cert. granted, 136 S. Ct. 614 (2015).

For the above stated reasons, the Court concludes that the current record demonstrates that Plaintiff failed to exhaust administrative remedies. Accordingly, Defendant's motion is granted and this case is dismissed. The dismissal is without prejudice. As stated in Will County Jail's Inmate Handbook, and as noted by the parties: "There is no time limit imposed for a grievance regarding an allegation for sexual abuse or sexual harassment." (Doc. 37, Exh. C at 49). Plaintiff should still be able to exhaust administrative remedies for his claims of sexual harassment and misconduct by Defendant. After he exhausts administrative remedies in accordance with the Will County Jail's grievance procedures, Plaintiff may re-submit his claims in this Court. *See Pavey*, 544 F.3d at 742 (*Pavey I*).

## CONCLUSION

For the reasons stated herein, the Court grants Defendant's motion for summary judgment (Doc. 35), and dismisses this case. The dismissal is without prejudice to Plaintiff reasserting his claims after he has exhausted administrative remedies in accordance with the Will County Jail's grievance procedures.

ENTER: _____
Marvin E. Aspen
United States District Court Judge

DATE: April 27, 2016